TRENTON STREET RAILWAY COMPANY

*v.*

WILLIAM T. LAWLOR.

[Submitted and decided June 26th, 1907.]

The complainant is entitled to a decree for the specific performance of a contract made between the counsel for the respective parties to a lawsuit for the settlement or compromise of the claim involved therein, notwithstanding no tender of payment of the agreed sum by the defendant was made where it appeared that the plaintiff had changed his mind and was unwilling to carry out the bargain and had already said he would not accept such sum.

---

On bill for specific performance.

*Mr. George W. Macpherson* and *Mr. W. Holt Apgar,* for the complainant.

*Mr. Thomas F. Noonan,* for the defendant.

BERGEN, V. C.

The purpose of this bill is the enforcement of the specific performance of a contract made between counsel of the respective parties for the settlement or compromise of a lawsuit.

It appears by the evidence that the complainant here, the defendant in the damage suit, made an offer to pay $1,800 in settlement of the plaintiff's claim in the suit at law. Counsel for the plaintiff have testified that the offer was submitted to their client; that he at first resisted and declined to accept; that they discussed the matter with him for a considerable length of time, and finally two of his friends, one of whom was a witness here, were called into the conference, and the result of that consultation was that this defendant authorized his attorney to make the settlement for $1,850.

Whereupon the attorney went before the court, then in session, having been adjourned to that day to try the case, and announced that a settlement of the suit had been made, and the jury were discharged and the court adjourned. I take it that if we believe that statement of facts to be true, that the complainant has made out a case here, which entitles it to have that contract specifically performed.

Of course, when counsel contracts to make a settlement of his client's case, it can only be enforced upon proof that counsel was authorized by his client to make the settlement; it must be a special authorization, and that question has been the one most prominently before us on the present hearing. I am well satisfied that the defendant here did authorize Mr. Budd to make the settlement; he perhaps did it reluctantly, but, nevertheless, he authorized Mr. Budd to accept the offer made by this complainant, the defendant in the other suit, and the contract thereby established the complainants are entitled to have carried out. As to the tender of payment, there was nothing in the agreement made by the parties which fixed the time of payment. Mr. Budd, defendant's counsel, who made the settlement, testified that the sum was to be paid within a reasonable time; he was representing one of the parties who had made the settlement, and being in Trenton every Tuesday, attending to official business, he agreed to call upon counsel for complainant and get a

release for his client to execute; he did so, but his client refused to sign it, because he had changed his mind, and was unwilling to carry out the bargain, which he had authorized his counsel to make. Under such circumstances a tender of the money would accomplish nothing, because the defendant had already said that he would not accept the money.

Under the proofs, I am of opinion that the complainant is entitled to the relief prayed for in the bill of complaint, and that is the specific performance of the contract, and that the defendant in this suit should be enjoined from further prosecuting the suit at law.

The offer, as I understand it, was $1,800, but counsel for complainant bound themselves to see that another $50 was paid, making a total payment to Mr. Lawlor of $1,850. If you will draw a decree in accordance with the views expressed, I will advise it.