EDWARD S. SAVAGE and MARGARET T. SAVAGE, complainants-respondents,

*v.*

JOHN BLANCHARD EDGAR, defendant-appellant.

[Argued March 10th, 1916.   Decided June 19th, 1916.]

1. A chancery court cannot enjoin the prosecution of a pending legal action because an accord and satisfaction was completed after issue was joined, for a supplemental answer would render such defence available in the legal action.

2. Unless obtained by fraud, an executed accord and satisfaction is a complete defence in a legal action.

3. Where an accord and satisfaction is pleaded as a defence in an action at law, but plaintiff claims it was obtained by fraud, the fraud issue can be determined in the same action, and relief by injunction is unnecessary.

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Backes, whose opinion is reported in *85 N. J.
Eq. 420.*

The complainants filed their bill in the court of chancery to
restrain the prosecution of an action at law in the supreme court.
The bill and affidavit in support of it disclosed that John Blan-
chard Edgar, the defendant-appellant, had an action pending
in the supreme court to recover $50,000 from Edward S. Savage
and his wife, the respondents; that while the action was pend-
ing, an agreement was entered into by Edgar and Savage and
reduced to writing in which it was recited that it was the desire
and purpose of both parties to settle and adjust all matters of
difference of accounts between them, and thereupon it was
agreed that Savage should transfer to Edgar two hundred and
fifty shares of the common stock of the Trembly Point Corpo-
ration and should, in addition thereto, pay to Edgar $2,000 in
cash, and give him a note for $2,000 more, payable in thirty
days. This was to be in full settlement of all claims and de-
mands whatsoever. In consideration thereof Edgar agreed to
discontinue the action at once and pay all fees, including his
attorney's fees and counsel fees. The cash was paid, the note
was given, and two days afterwards the parties met by appoint-
ment in Mr. Savage's office. Savage took a certificate for two
hundred and fifty shares of the Trembly Point stock out of his
safe, endorsed it in blank, exhibited it to Edgar, and together
they then went to the transfer office of the company to have the
stock there transferred to Edgar. The stock was thereupon deliv-
ered to the secretary of the company and he was requested by
Savage to transfer the same to Edgar, whereupon Edgar said that
he would prefer to have the transfer of the stock made to his
wife, and thereupon the secretary was directed to make the trans-
fer as Edgar had requested, and this was done. Subsequently,
Edgar refused to accept the stock upon the grounds that he
was not bound to take it until he had ascertained its value, and
that investigation had shown him that it was not worth what
Savage represented it to be. After complainants filed their bill

to stay the action at law, Edgar tendered back the cash and the notes, which Savage refused to accept.

The bill avers

"That the said settlement made by the complainants with the said Edgar was positive and final, and was accepted by Edgar together with the property paid and delivered, pursuant to the terms of the same, as a full compromise settlement of the said action of the said Edgar against the complainants, and the agreement of settlement made in writing, as hereinbefore mentioned, has been fully carried out and performed in all respects on the part of the said complainants, but that the said Edgar had violated the said agreement in that he has attempted and is now attempting to bring the said action to trial in the supreme court notwithstanding the same had been fully settled."

The case shows that after the settlement was made, and after Edgar, the plaintiff in the action at law, had noticed the case for trial, notwithstanding the settlement, that the complainants, defendants in that action, presented a petition to the supreme court in which the agreement was set up, and in which it was averred that the cash and note had been delivered to Edgar and the stock had been transferred to Edgar's wife at his request. In answer to the petition, Edgar set up that the stock was not worth what it was represented to be, and that when tendered to him it was made a condition of its delivery that he should sign a statement that the defendant Savage was making no representation as to its value, except the appraisals made by Mr. Corbin and Mr. Day, that Edgar declined to sign this, and, under the advice of his attorney, declined to accept the stock. The supreme court declined to perpetually restrain the action because of the controverted facts upon which the application was based, discharged the rule with leave to the defendants to file a supplementary answer setting up the settlement and preserving to Edgar the right to take issue upon such answer and have the questions of fact settled by a jury.

From the refusal of the supreme court to perpetually restrain the action at law, the respondents herein appeal to this court, and upon a motion made by the appellant herein, in that cause, the appeal of the respondents was dismissed upon the grounds that the action of the supreme court rested upon its discretion and therefore was not appealable.

The respondents declined to avail themselves of the leave granted to them by the supreme court to file a supplementary answer setting up the settlement, but, instead, filed their bill in chancery to restrain the action at law, and obtained in that tribunal a rule to show cause why the prayer of their bill to restrain the appellant from prosecuting his action at law should not be granted and a temporary stay of the action. Upon the return of the rule the order to show cause was made absolute and the stay continued. The appellant then gave notice to strike out the bill upon two grounds, one of which was that the bill did not allege any ground for equitable relief. The vice-chancellor refused to strike out the bill, and it is upon that order and the order restraining the appellant from prosecuting his action at law that the appellant appeals to this court.

*Messrs. Carrick & Wortendyke,* for the appellant.

*Mr. Clark McK. Whittemore* and *Mr. Robert H. McCarter,* for the respondents.

The opinion of the court was delivered by

KALISCH, J.

The interposition of the court of chancery between the appellant and the respondents in their controversy in the supreme court cannot be sustained upon the facts before us. The agreement, in writing, entered into by the appellant and the respondent Savage for a complete accord and satisfaction of the matters in dispute between them and which were the subject of an action at law then pending in the supreme court, is clear and explicit in its terms. The fact that Savage fully performed his part of the agreement was not controverted. The legal effect of the performance by Savage of his agreement was to extinguish the appellant's claim that was made the basis of the action against Savage in the supreme court. But as this settlement was made between the litigants privately and without judicial sanction, the settlement was, as a matter of course, not entitled to judicial recognition until brought properly before the court

in which the action was pending. The appellant, it appears, not only refused to perform that part of the agreement whereby he had obligated himself to discontinue the action, but attempted to repudiate the entire agreement and insisted upon proceeding to a trial of the cause. The action of the appellant in that respect could in no manner alter the legal effect of the settlement.

It would be an anomaly in the judicial procedure of this state to countenance the right of the respondents to oust their adversary from the forum in which he was properly seeking his remedy, because, peradventure, he might set up facts in reply to their defence of an executed compromise, matters which are only cognizable in a court of equity. For that is practically what the respondents are seeking to do.

Under the state of facts presented, the respondents' regular course to pursue was to have applied to the court in which the action at law was pending for leave to file a supplementary answer setting up the executed accord. Before the adoption of the new Practice act, such a situation would have been met, under the common law, by an application for leave to file a plea *puis darrein continuance*. This plea was peculiarly adapted to the situation which the facts set out in the respondents' bill and affidavit present. In discussing the office of this plea, *Steph. Pl.* (on *p. 66*) says: "It is to be observed that the effect of such a plea is not to impugn the right of action altogether, but only the right of further maintaining it; *i. e.*, since the period when the matter of defence arose; and in this respect it differs from an ordinary plea in bar which is in the nature of an absolute and general exception to the plaintiffs' right to maintain the action and tends to deny that it was properly brought. A plea of this kind is always pleaded by way of substitution for the former pleas on which no proceeding is ever had. It may be either in bar or abatement; and is followed like other pleas, by a replication and other pleadings, till issue is obtained upon it."

If the plaintiff's replication to the additional plea set up matter which did not raise an issue of fact, cognizable in a court of law, the proper course was to demur, but now, under the new practice, such a situation may be met by a motion to strike out the reply to the supplemental answer.

14

The accord set up and executed by the respondent Savage will afford a complete defence to the appellant's action at law, unless it should appear that the appellant was induced to sign a release (for such was the legal effect of the written agreement fully performed by the respondent Savage), by false and fraudulent representations as to the value of the stock. Of course, if the execution of the instrument was induced by fraud, that can be shown in an action at law.

While there is a resemblance in the circumstances of the present case to those which appeared in *Headley* v. *Leavitt, 68 N. J. Eq. 591,* and *Trenton Street Railway Co.* v. *Lawlor, 74 N. J. Eq. 828,* in which cases this court held that the jurisdiction of the court of chancery was properly entertained, yet, upon an analysis of the cases cited, there will be found as much difference intrinsically from the case *sub judice,* as one might expect to find between an original writing and its *fac-simile.* The prominent distinguishing feature between the present case and the cases cited is that in neither of the latter was there a complete accord. In *Headley* v. *Leavitt, supra,* the defendant attempted to set up in the action at law on certain promissory notes the accord and satisfaction as a defence; but the proof showed that he had not performed his part of the compromise, and the defence, therefore, was overruled. Subsequently, he did perform and filed a bill to restrain the action at law on the ground that he had an equitable defence, and then the court directed that the action at law should be restrained unless and until the plaintiff consented that the complete accord and satisfaction might be set up as a defence. In that case this court, speaking through Mr. Chief-Justice Gummere (on *p. 595*), said: "The subject of litigation which resulted in the judgment was one which was cognizable by a legal rather than an equitable tribunal. The contract which the appellant sought to set up as a defence to the action in the supreme court would, if it had been executed by him, have constituted a legal and not an equitable defence to that action. Subsequent performance of the contract on his part gives him no right to have the forum of the litigation changed to a court of equity and to deprive the re-

spondent of the determination of a jury upon the question of the existence or non-existence of the contract."

In *Trenton Street Railway Co.* v. *Lawlor, supra,* the agreement for compromise was made while the action at law was pending. Lawlor's attorney, with authority from Lawlor, agreed to take a certain sum in compromise, and this Lawlor refused to accept. The case, therefore, was one of unexecuted accord.

In the present case, it appeared that the accord had been fully executed by the respondent Savage, and of which the respondents could have availed themselves by a proper plea in the action at law, hence there was no ground for the interference of a court of equity. The appellant's motion to strike out the bill for want of equity should have prevailed.

The decree will be reversed, with direction to the court of chancery that the bill be dismissed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Swayze, Trenchard, Bergen, Minturn, Kalisch, Black, White, Terhune, Heppenheimer, Williams, Gardner—13.