O’CONNELL, STEPHEN C, Associate Judge.
Appellee, Berniece E. Buckalew, sued her husband, the appellant, for divorce. In her complaint she asked the court to decree her to be the equitable owner of the home of the parties and to grant such other and further relief as the court might deem proper. She alleged that the home had been constructed and the mortgage indebtedness thereon reduced principally through her financial contributions. Neither the wife in her complaint nor the defendant husband in his answer set forth how the title '-.o the home was held, it merely being stated that *565 4he parties owned a home at a specified address. Plaintiff did not pray for alimony.
In the final decree, the court decreed, among other things, that the plaintiff was the owner of a three-fourths interest in the home of the parties.
After entry of the final decree the husband filed a petition for rehearing in which he sought to show by a written memorandum that he had borrowed $6,500 from his father, that said sum was used in building the home, and that this sum together with the outstanding mortgage indebtedness accounted for the total cost of the home. This petition for rehearing was denied.
The husband then filed an extraordinary petition for rehearing in which he set forth that the parties and the court had been in error as to the status of title to the home in that it had been considered by all concerned that the parties held title in an estate by the entireties, whereas in fact the title to the property was held in the name of the husband alone. The husband also sought to show his contribution to the family financial pot over the years of the marriage. This extraordinary petition was also denied.
The husband-appellant contends that it was a flagrant abuse of discretion on the part of the chancellor to refuse to grant a petition for rehearing under these circumstances. He argues that it is obvious that the final decree was based on a mistake as to ownership of the property and that the chancellor should have granted the petition and corrected the decree thereon upon the new evidence being presented to it. He cites McArthur v. McArthur, Fla.1957, 95 So.2d 521 in support of his contention.
It is to be-'noted here that the testimony taken before the chancellor and the other evidence submitted was not transcribed and included in the record, therefore we have before us none of the evidence upon which the final decree was rendered.
As has been stated by the Supreme Court of Florida many times, an appellate court cannot review matters of fact or evidence where all, or so much of, the evidence submitted before the trial court as is essential to clearly show error is not in the record before it. The appellate court must of necessity assume, when no transcript of the testimony taken in the trial court is contained in the record, that the essential allegations of the pleading favored by the decree were proved by competent evidence. McClosky v. Martin, Fla. 1952, 56 So.2d 916. Also see cases cited in 2 Fla.Jur. Sec. 319, Appeals.
This is such a case.
Because we do not have before us the evidence submitted to the chancellor during the trial of .this cause and upon which he based the final decree, we cannot assume, as appellant would have us do, that the evidence does not show that the title to the property was held by the husband alone.
Further, even if we were to indulge in this presumption it would not be conclusive of error for it might well be that the chancellor, on the basis of the evidence before him, determined that the plaintiff wife had proved herself to be entitled to an equitable ownership of a three-fourths interest in the home, as prayed by her in her complaint.
In his brief the appellant-husband touches this point lightly contending that the “special equity” doctrine as it relates to division of property in divorce actions applies only to family business ventures of an income producing nature to which the wife has made substantial contributions over and above the usual and ordinary discharge of her marital duties.
But we do not read the case law of this State so to hold. Rather, we find the doctrine to be applicable to any property held by the husband.
The Supreme Court of this State has held that if the wife contributed funds and services to the acquisition of her husband’s “home and other property” she may *566 be entitled to a special equity therein. Carlton v. Carlton, 1919, 78 Fla. 252, 83 So. 87. See also Heath v. Heath, 1932, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Wood v. Wood, Fla.App.1958, 104 So.2d 879; Eakin v. Eakin, Fla. 1958, 99 So.2d 854. Benson v. Benson, Fla.App.1958, 102 So.2d 748; Reid v. Reid, Fla.1953, 68 So.2d 821. See also Turnbull, Alimony & Property Settlement in Florida, 11 Fla.L. Rev. 312, 318-319 (1958).
Therefore, even if we were to indulge in the assumption that the chancellor, in arriving at his final decree, acted on the mistaken belief that the title to the home was held in an estate by the entireties, it would not result in a finding of error since we do not have the evidence before us for review as to its sufficiency.
Accordingly the final decree and the orders denying the petitions for rehearing are affirmed.
ALLEN, C. J., and SHANNON, J., concur.