SHANNON, Judge.
The appellant, defendant in the court below, brings this interlocutory appeal from an order entered by the chancellor.
The appellee, Sarah M. Coggan, plaintiff below, filed a complaint against the defendant, pursuant to § 65.09, Fla.Stat., F.S.A. seeking alimony unconnected with divorce, and other equitable relief. In the proceedings the plaintiff filed a motion for production, inspection and copying of documents or papers and to have all the financial records of the defendant audited for the years, 1958, 1959 and 1960.
After setting forth a description of the items sought to be produced, the plaintiff had this to say concerning the suit:
“One of the major issues in the above cause is the gross income and the business expenses of the defendant. It is necessary that plaintiff be allowed to make a thorough and complete audit of the defendant’s books and accounts in order to properly present testimony and evidence as to the true gross income and true expenses of the defendant. Plaintiff has good reason to believe that the ledger books of the defendant are incorrect and that a thorough and complete audit of defendant’s records will reveal this is incorrect.”
The chancellor entered an order wherein all of the defendant’s financial records were ordered produced, and in addition, for the protection of the defendant, the order said in part:
“That on or before 10 days from the date hereof on a date mutually agreed to between said accountants and defendant, said accountants be allowed access to defendant’s ‘patients’ cards’ at defendant’s office, to the ex *132 tent that said accountants be allowed to select 50 patients’ names at random and that the defendant or someone acting for him exhibit to said accountants all of the patients’ cards relating to each patient selected. The defendant or someone' acting for him, however, shall have the right to block or conceal the portion of said cards, and only such portion, as reveal the nature of the patient’s complaint and treatment. Such cards shall be exhibited to said accountants for such periods of time as the accountants shall deem necessary to examine said cards or to copy tire contents thereof which relate to matters other than the patient’s physical complaints or treatment. * * * ”
The appellant raises five questions on this appeal which require for their determination a study of all the testimony taken by the chancellor prior to entry of the order in question. The testimony before the lower court was not stenographically recorded and consequently was not included in appellant’s appendix. See F.A.R. Rule 4.2, subd. d, 31 F.S.A. We, therefore, are unable to determine the correctness of the chancellor’s order on this interlocutory appeal. Best v. Barnette, Fla.App.1961, 130 So.2d 90. Broward County Port Authority for Use and Benefit of Beacon Light Paint & Wallpaper Corp. v. F. M. Rule & Co., Fla.App.1960, 119 So. 2d 82; Buckalew v. Buckalew, Fla.App.1959, 115 So.2d 564; Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226.
The appellee has filed petition for allowance of attorney’s fees for the services of her attorney on this appeal. The petition is granted and an allowance of $300 is made.
Affirmed.
KANNER, Acting C. J., and HEWITT, R. S., Associate Judge, concur.