159 So.2d 269 (1964)
Constance Derna COE, Appellant,
v.
Christine DIENER, Individually, and for the use and benefit of Auto-Owners Insurance Company, Appellee.
No. 4221.
District Court of Appeal of Florida. Second District.
January 3, 1964.
*270 John A. Thabes, Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellant.
Davis W. Duke, Jr., McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
WHITE Judge.
Defendant Constance Derna Coe seeks reversal of an order denying her motion to dismiss the complaint of Christine Diener. The appealed order sustained the sufficiency of the complaint of Christine Diener for specific performance of an oral agreement for settlement of certain claims of Constance Coe arising out of alleged negligence of Christine Diener in the operation of an automobile. Action at law on the tort claims was stayed pending outcome of this appeal in Christine Diener's separate suit for establishment and enforcement of the settlement agreement. The motion to dismiss the complaint in this latter suit was denied on authority of 48 A.L.R.2d 1211, Annotation, and Savage v. Edgar, 86 N.J. Eq. 205, 98 A. 407, 3 A.L.R. 1021, hereinafter discussed.
The complaint alleged that at 4:00 P.M. on Monday, February 11, 1963, the parties through respective counsel mutually, amicably and finally settled and compromised all claims for damages, including costs, for $7500.00 to be paid defendant by plaintiff without admission of liability in order to settle and terminate the litigation concerning claims of the defendant; that at the time aforesaid defendant's attorney Lawrence J. Meyers stated that he had defendant's "full, complete and express authority and consent * * *"; that plaintiff's attorney then notified the court of the settlement and made delivery of settlement draft together with a release and proposed order of dismissal; that the release and order were never executed and plaintiff believed that said papers and the draft remain in the possession of defendant's attorney.
The complaint further averred that some sixteen days after the settlement agreement was made the plaintiff was informed by telephone that the defendant had changed attorneys and that defendant's new counsel expressed dissatisfaction with the agreement; that plaintiff has not received notice of withdrawal of defendant's first counsel or notice of appearance of defendant's new counsel. Finally, alleging inadequacy of remedy at law, plaintiff prayed for enforcement of the settlement agreement and restraint of defendant's action at law.
Upon review of the briefs and careful study of the question, we are convinced that plaintiff's suit for establishment and enforcement of the alleged settlement agreement is cognizable in equity and is not precluded either by the parol character of the alleged agreement or by Rule 1.5(d) F.R.C.P., 30 F.S.A.[1]
*271 In National Surety Co. v. Willys-Over-land, Inc., 1931, 103 Fla. 738, 138 So. 24, 26, decided prior to the adoption of the Rules of Civil Procedure the Supreme Court of Florida affirmed the proposition that absence of reduction to writing would not render a settlement agreement ineffectual:
"* * * We know of no rule which requires an agreement of settlement of a cause pending to be evidenced in writing as a necessary prerequisite to its being pleaded as a defense to a subsequent suit brought on a claim growing out of the same suit.
"The general rule is that, in the absence of statutory requirement, no particular form of agreement is essential to the validity of a compromise; and it need not be in writing unless it is so required by special statute. * * * In fact the general rule is that courts, and the law itself, favor the compromise and settlement of disputed claims and will sustain such settlements if fairly made between competent parties, because it is to the interest of the state and the parties themselves that there should be an end to litigation. * * *
* * * * * *
"While the rule, as expressed by this court in the case of Steele v. State, 33 Fla. 354, 14 So. 841, is that agreements of counsel as to the disposition of causes must be filed otherwise the court cannot take notice of them, it does not necessarily mean that a plea may not set up a parol agreement that all matters then in controversy were settled."
To the same effect is 6 Fla.Jur., Compromise and Settlement, § 9:
"In the absence of statutory provision, no particular form of agreement is essential to the validity of a compromise. The agreement may be embodied in several instruments. Though usually in writing, a compromise may be evidenced by parol at least so long as the subject matter thereof is not within the statute of frauds. * * *" (Emphasis ours.)
and in 6 Fla.Jur., Compromise and Settlement, § 15, the text reads:
"Compromise and settlement agreements are enforced in the same manner as other contracts. In an appropriate action, the injured party may either specifically enforce it, or recover damages for its breach, unless the action is barred by an applicable statute of limitations." (Emphasis ours.)
It should be emphasized that the present case concerns whether or not a defendant in a law action may maintain a separate suit in chancery for specific performance of an oral compromise agreement where the plaintiff in the law action subsequently refuses to recognize the settlement. This is distinguished from an action in which a completed stipulation or agreement is pleaded in the same cause as an affirmative defense. In Savage v. Edgar, 1916, 86 N.J. Eq. 205, 98 A. 407, 3 A.L.R. 1021, cited in the order here reviewed, a suit was brought to restrain an action at law brought after the parties had entered into a written settlement of accord and satisfaction and after the agreement had in effect been fully performed. The plaintiff had tendered back the consideration paid under the agreement and refused to perform his part of the agreement by which he had obligated himself to discontinue the action. On appeal from an order restraining the prosecution of the action at law the court, although reversing the lower court, stated:
"The action of the appellant * * * could in no manner alter the legal effect of the settlement."
The court held that inasmuch as the accord in that case had been fully executed the *272 proper procedure would have been to interpose such defense in the pending action at law. The court went on to explain that equity may not entertain jurisdiction of a separate suit for enforcement except where the alleged accord is unexecuted. If the accord has not been executed, other circumstances permitting, equity may assume jurisdiction and restrain the action at law. The court cited this example of an unexecuted accord:
"In Trenton Street Ry. Co. v. Lawlor, (74 N.J. Eq. 828, 71 A. 234, dissent at 74 A. 668) supra, the agreement for compromise was made while the action at law was pending. Lawlor's attorney, with authority from Lawlor, agreed to take a certain sum in compromise, and this Lawlor refused to accept. The case, therefore, was one of unexecuted accord."
In Trenton Street Ry. Co. v. Lawlor, cited in the Savage case supra, the court held that:
"An accord that is unexecuted is not an available defense at law against the original cause of action, but it may in a proper case become available as an equitable defense thereto. Headley v. Leavitt, 65 N.J. Eq. 748, 55 Atl. 731."
In Trenton Street Ry. Co. v. Lawlor, 73 N.J. Eq. 203, 75 A. 996, the New Jersey court granted specific performance of an accord reached in conference whereby the defendant agreed to settle for $1850.00 but, although the money was available, refused to sign the release because "he had changed his mind." The court, in granting specific performance, enjoined further prosecution of the action at law. See also Cook v. Richardson, 1901, 178 Mass. 125, 59 N.E. 675, 676, wherein the court stated:
"It is not a valid, legal defense to the actions at law that Mrs. Richardson agreed to accept $200 in compromise of the claims there sued on, so long as she refused to accept the money; and the fact, if it is a fact, that the relief sought by this bill in equity could have been as effectually set up in those actions as an equitable defense, does not deprive this court of its jurisdiction to entertain the bill, to enjoin the prosecution of the actions at law, and to direct the defendant to deliver the formal discharge agreed upon." (Emphasis theirs.)
Viewed in the foregoing context the present case is also one involving an unexecuted accord which, under the reasoning in the Savage and Trenton Street Ry. cases, supra, is subject to equity jurisdiction. In 29 Fla.Jur., Specific Performance, § 18, the text reads:
"[I]f a writing is not expressly required by the statute of frauds, an oral contract, being deemed equally as efficacious as a written agreement, may be specifically enforced in equity, provided, of course, that the existence of the contract is sufficiently established, and that no adequate remedy at law is available to the plaintiff and the other elements requisite to the granting of such equitable relief are clearly shown.
"It appears to be well settled that specific performance of an agreement of compromise and settlement is available wherever a situation calling for equitable relief is otherwise presented, that is to say, there is nothing in the nature of such a contract, as such, to call for either the denial or the allowance of such relief. The equitable relief has often been granted where it appeared that the legal remedy was inadequate, or the situation was brought within the normal equitable jurisdiction as to fraud or trusts."
See also 11 Am.Jur., Compromise and Settlement, § 35.
The law favors compromise and settlement since it is to the best interest of the state and the parties that there should be an end to litigation. National Surety Co. v. Willys-Overland, Inc., supra. The texts and cases cited, including Florida decisions, *273 lead to the conclusion that the complaint in this case states a cause in equity sufficient to withstand the motion to dismiss.
It appearing that the chancellor correctly assumed jurisdiction of the suit as pleaded in the complaint below, the other points noted by the defendant on this appeal require no discussion here.
Affirmed.
KANNER, Acting C.J., concurs.
McMULLEN, NEIL C., Associate Judge, dissents.
NOTES
[1] "Stipulations. No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party or his attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings." (Emphasis ours.)