PER CURIAM.
This is an interlocutory appeal from a»» order denying the defendant’s motion to dismiss an equity complaint. The appeal has merit and we reverse.
The appellant Jack Everett, Jr., was injured when the automobile in which he was a passenger collided with one owned by The Monkey Jungle, Inc. and driven by Frank Vincent Dumond. Everett sued them at law for damages for personal injuries. The defendants in that action then filed this suit in equity against Everett. In their complaint it was alleged that their indemnity insurer had settled with Everett for $215.37 in consideration of which he had made and delivered a release, and that the settlement and release had been pleaded by them in defense of the law action. They sought herein to have the settlement and release declared effective and determinative of Everett’s claims, and to enjoin his law action.
*874 Issues relating to the validity and effect of the alleged written, executed settlement and release pleaded by the defendants in the law action were triable therein, precluding the need or propriety of resorting to another forum for their determination. See Coe v. Diener, Fla.App.1964, 159 So.2d 269, 272; Savage v. Edgar, 86 N.J.Eq. 205, 98 A. 407, 3 A.L.R. 1021; cf. Burns v. Hartford Accident and Indemnity Co., Fla.App. 1963, 157 So.2d 84.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to dismiss the complaint.