ON MOTION TO STRIKE BRIEF AND TO DISMISS
SPECTOR, Judge.
Appellee has filed a motion to strike the brief filed by the appellant in this interlocutory appeal from an order denying plaintiff’s prayer for injunctive relief. Incorporated in said motion is a motion to dismiss this appeal. The grounds advanced by appellee in support of such motions are that the appellant has failed to include in the record on appeal a transcript of testimony or a stipulated set of facts upon which the trial court based its order.
The complaint before the chancellor alleged that the plaintiff had issued a policy of insurance to the defendant James who had allegedly suffered damage to his automobile. It was further alleged that James had filed an action at law against the insurer to recover for said damages. The crux of the *596 complaint in the instant action for injunc-tive relief and specific performance is the insurer’s contention that James’ claim for damages was settled by agreement between counsel for the respective parties in the action at law.
In support of its prayer of injunctive relief, the appellant relied below on Coe v. Diener, 159 So.2d 269 (Fla.App.2d 1964). In that case it was held that a defendant in a law action may maintain separate suit in chancery for specific performance of an oral compromise agreement where the plaintiff in the law action subsequently refuses to recognize the settlement. In denying appellant’s prayer for injunctive relief in the instant case however, the chancellor stated that the Coe decision “ * * * is not applicable because of a variance in the.facts as to a dispute of the amount of the agreed settlement in that this plaintiff claims it was for $800.00 and the defendant claims it was for $1800.00.” Thus, it appears the chancellor distinguished the case at bar from the case relied upon by the insurer on the basis that in Coe, supra, the parties conceded that there in fact had been an agreed settlement. In the case at bar however, the facts before the chancellor precluded a finding that there had been a mutual agreement by the parties to the controversy.
The record on appeal in this case consists of certified copies of the complaint in this cause to which was attached a series of exhibits relating to the alleged settlement sought to be enforced, an affidavit of counsel for the appellant stating that the matters set forth in said complaint are true and correct, and, lastly, the chancellor’s order denying the prayer for injunctive relief found in said complaint.
No transcript of testimony given before the chancellor is found in the record on appeal, nor is there any indication in this record of a stipulated statement of facts entered into by the parties for the purpose of either the trial of the issues before the chancellor below or for the purposes of this appeal. In absence of a record showing that which was considered by the chancellor below in arriving at his decisional facts, we have no basis upon which we could do anything other than presume the correctness of the chancellor’s finding that the facts in the case at bar differ materially from those in Coe v. Diener, supra.
A party seeking interlocutory review of an order has the burden of furnishing the appellate court through his appendix those portions of the testimony taken that were relied on in entering the order sought to be reviewed. The fact that the testimony was not transcribed does not relieve the appellant of this burden. See Buckalew v, Buckalew, 115 So.2d 564 (Fla.App.2d 1959); and Coggan v. Coggan, 130 So.2d 131 (Fla.App.2d 1961).
In Florida Civil Practice After Trial, Interlocutory Appeals, Section 16.22, a very helpful caveat is to be found in the text at page 900 which states:
“Thus, in the initial stages of the proceedings, if a litigant has any idea of appealing any adverse ruling he may get, he should ensure that the testimony to be taken will be transcribed.”
Accordingly, the interlocutory appeal herein is dismissed without prejudice, of course, to the right of the plaintiff to show on final hearing the existence of facts justifying the entry of a decree for specific performance of the alleged settlement.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.