297 So.2d 584 (1974)
Stephen L. ALAIMO and Jean R. Alaimo, Appellants,
v.
Antonio TIRONE et al., Appellees.
No. 73-1330.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied August 9, 1974.
Koppen & Watkins, Miami, for appellants.
Sibley, Giblin, Levenson & Ward, Heller & Kaplan, Shevin & Shevin, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants seek review of an order enforcing a settlement agreement.
In September 1972, one Vogel executed a deposit receipt agreement with the plaintiff-appellees, Mr. and Mrs. Tirone, to purchase certain real property for $200,000. By the terms thereof, Vogel agreed to pay $74,600 in cash, assume a $50,800 first mortgage and the plaintiff-sellers agreed to take back a purchase money mortgage for $74,600 at 7 1/2% interest payable in 72 equal monthly installments over six years. Vogel escrowed $20,000 as a downpayment with the broker, The Keyes Company as escrow agent. Subsequently, Vogel refused to close and on his behalf, The Keyes Company found the defendant-appellants, Mr. and Mrs. Alaimo, who entered into a contract on February 7, 1973 to purchase the property from Vogel who assigned to them his interest in the original contract with the appellees. The purchase agreement between Vogel and the Alaimos contained essentially the same items as the agreement between the Tirones and Vogel with the exception of the provision for an interest rate of 7 1/4% on the purchase money mortgage as opposed to the 7 1/2% rate provided for in the Vogel-Tirone contract. Appellants, Mr. and Mrs. Alaimo, also deposited $20,000 in escrow with The *585 Keyes Company. Thereafter, appellants herein instituted suit against The Keyes Company for return of their deposit and as grounds therefor alleged that they had attempted to close the transaction with the appellees, Mr. and Mrs. Tirone, but were unable to do so. Mr. and Mrs. Tirone in turn filed a complaint seeking specific performance, declaratory relief, or forfeiture of the deposits and alleged therein that they were ready, willing and able to close, but that the appellants, Mr. and Mrs. Alaimo, tried to impose terms contrary to the September 1972 Vogel-Tirone contract for the sale of the subject property. While the litigation was pending, counsel for the respective parties with full authorization from them reached oral agreement which was rendered to writing in an instrument entitled "Stipulated Final Judgment". The settlement agreement was signed by the attorneys for the respective parties with the exception of appellant's attorney, Mr. Herskowitz, who after the document had been drawn up, was advised by his client, Mr. Alaimo, that he (Alaimo) did not wish to go through with the settlement because of a change in his financial circumstances. Consequently, Herskowitz did not sign the agreement. Thereupon, plaintiff-appellee, Mr. Tirone, filed a motion to enforce the oral settlement agreement. After a hearing was held thereon, the trial judge granted the motion and entered judgment thereon. Defendant-appellants appeal therefrom. We reverse.
RCP 1.030(d), 30 F.S.A. reads as follows:
"(d) Stipulations. No private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived. [Emphasis Supplied]
It affirmatively appears from the record in the case sub judice that the settlement agreement was not signed by the appellants or their attorney, Mr. Herskowitz. Thus, the subject agreement was unenforceable and it was error for the trial judge to have granted the plaintiff's motion to enforce settlement. Accordingly, the order enforcing settlement and final judgment entered thereon are reversed.
Reversed.