328 So.2d 462 (1976)
Merdis MOORE and Nathan Moore, Her Husband, Appellants,
v.
Ralph Thomas GUNNING and Reserve Insurance Company, a Foreign Corporation, Appellees.
No. 75-899.
District Court of Appeal of Florida, Fourth District.
March 12, 1976.
Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellants.
*463 Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellees.
OWEN, Judge.
The issue here is whether an out-of-court oral settlement agreement entered into between litigants in an automobile negligence case is unenforceable by virtue of the provisions of Rule 1.030(d), RCP.[1] The trial court held that this rule did not apply to oral settlement agreements. In our judgment this was error.
Appellants, through their attorney, had made an out-of-court oral settlement of their pending personal injury litigation. Before the settlement papers were signed appellants reneged. Appellees amended their answer to include the defense of accord and satisfaction, and filed a counterclaim alleging the oral settlement agreement and seeking specific performance. On undisputed facts disclosing the oral settlement agreement and appellants' refusal to consummate it upon tender of the agreed sum, the court denied appellants' motion for summary judgment on the counterclaim and granted appellees' motion for summary judgment thereon. This appeal is from that order.
The early case of National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931), upheld a parol settlement agreement relying upon "the general rule" set forth in 12 C.J. 334, 335, "that, in the absence of statutory requirement, no particular form of agreement is essential to the validity of a compromise; and it need not be in writing unless so required by special statute." (e.s.). National Surety, however, was decided prior to the adoption of any special statute or court rule comparable to our present day Rule 1.030(d) RCP, compelling stipulations to be in writing in order to be effective. See, Coe v. Diener, 159 So.2d 269, 271 (2nd DCA Fla. 1964), and the Historical Note to Rule 1.030 RCP, F.S.A., stating that subdivision (d) derived from 1936 Common Law Rule 6.
The immediate predecessor to present Rule 1.030(d) RCP was Rule 1.5(d) FRCP. The pertinent part, which we here quote, was substantially identical to present Rule 1.030(d) RCP except for the language which we have emphasized:

"Stipulations. No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, ... ." (e.s.).
In the case of Coe v. Diener, supra, decided while Rule 1.5 FRCP was in effect, the court held that an out-of-court oral settlement agreement was enforceable, Rule 1.5 (d) FRCP notwithstanding. The apparent rationale of the Coe decision was that a settlement agreement was not an agreement "in respect to the proceedings" in the cause. The Coe decision has been similarly explained by other writers.[2] However, the *464 Coe decision made no reference to an earlier case, Spencer v. Florida-Georgia Tractor Company, 114 So.2d 466 (3rd DCA Fla. 1959), which affirmed a trial court's decision not to enforce an out-of-court parol settlement agreement, citing as one of its reasons that Rule 1.5(d) FRCP relieved the trial court from a duty to recognize any stipulation of counsel which was not reduced to writing. It would thus appear that the Spencer court, at least, felt that oral-settlement agreements were "in respect to the proceedings" in the cause and encompassed by Rule 1.5(d) FRCP.
In any event, the apparent conflict between the Coe decision and the earlier Spencer decision is not now of significance because, when Rule 1.030(d) RCP was adopted, the qualifying language, "in respect to the proceedings in a cause," found in Rule 1.5(d) FRCP, was omitted from Rule 1.030(d) RCP. In light of the restrictive interpretation put on Rule 1.5(d) by the Coe decision, it is logical to assume that the omission of this qualifying language was deliberate in order that the rule be more broadly interpreted so as to include all private agreements or consents between parties or their attorneys. In a recent case directly on point, Alaimo v. Tirone, 297 So.2d 584 (3rd DCA Fla. 1974), Rule 1.030(d) RCP was held to render unenforceable an out-of-court settlement agreement which had not been subscribed by the party or his attorney against whom the agreement was alleged. In another recent case, Melfi Construction, Inc. v. Coastal Theaters, Inc., 279 So.2d 341 (4th DCA Fla. 1973), it was recognized that an out-of-court oral stipulation for settlement was unenforceable for failure to conform with this rule.
The out-of-court oral settlement agreement was unenforceable and the judgment entered in favor of appellees on their counterclaim is reversed and the cause remanded with directions to enter judgment on the counterclaim in favor of appellants.
CROSS and MAGER, JJ., concur.
NOTES
[1] Rule 1.030. Attorneys.

* * * * *
"(d) Stipulations. No private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived."
[2] See, Massey and Westen, "Civil Procedure", 20 U.Miami L.Rev. 594, 607-8 (1966), wherein the following analysis of Rule 1.5 was made:

"The mandate of this rule has reference only to agreements affecting judicial proceedings, and it is inapplicable to settlement agreements between the parties arising out of the cause of action on which the litigation is based. Thus, in Coe v. Diener, the district court found that there was no statute requiring a settlement agreement to be in writing and that Rule 1.5(d) was inapplicable to settlement agreements. The rule only has reference to permissible procedural modifications between the parties and their attorneys." (e.s.).