350 So.2d 23 (1977)
Michael L. DAVIES and Ferncrest Utilities, Inc., Appellants,
v.
CANCO ENTERPRISES, a Partnership Consisting of Murray A. Candib and Ollie Cohen, Appellees.
No. 76-1299.
District Court of Appeal of Florida, Third District.
September 13, 1977.
Rehearing Denied October 14, 1977.
Tendrich & Todd, Miami, Ryan & Shahood, Dania, for appellants.
John W. Watson, Miami, for appellees.
Before BARKDULL, NATHAN and HUBBART, JJ.
HUBBART, Judge.
By this appeal we are asked to review a final judgment enforcing the terms of the stipulation and settlement agreement allegedly entered into by the parties to this appeal. The appellants contend inter alia that the agreement is unenforceable because it was incorporated into the transcript of a deposition which neither the parties nor their respective attorneys ever signed or waived signing. We agree and reverse.
The law is clear that "[n]o private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is *24 waived." Fla.R.Civ.P. 1.030(d). An agreement entered into in a lawsuit between the parties or their attorneys which does not conform with these formalities is unenforceable. Alaimo v. Tirone, 297 So.2d 584 (Fla. 3d DCA 1974). Melfi Construction, Inc. v. Coastal Theaters, Inc., 279 So.2d 341 (Fla. 4th DCA 1973).
The stipulation and settlement agreement involved in this case was incorporated into the transcript of a deposition which was never signed by the parties or their respective attorneys and in which the proper signatures were not waived by the parties or their attorneys. It is, therefore, clear that the said agreement is of no force and effect and a final judgment based thereon must be reversed.
Reversed.