HENDRY, Judge.
On this appeal we are asked to determine the applicability of Rule 2.060(g), Florida Rules of Judicial Administration, to a settlement agreement entered into prior to the effective date of the rule.
Appellant Buskirk seeks review of a final judgment enforcing the terms of a settlement agreement allegedly entered into by the parties to this appeal. On October 21, 1977, during a deposition of appellant, a stipulation between the parties was dictated before a court reporter. The transcript of the stipulation was never signed by appellant or her attorney, nor was signature of the agreement waived by either. Approximately ten days later, each of the other parties was notified of appellant’s rejection of the terms of settlement. Appellees’ motion for enforcement of the settlement was denied, and defenses of accord and satisfaction were stricken from their pleadings upon appellant’s motion. Discovery continued and the cause was set for trial. Shortly before trial, the judge below entered an order enforcing the settlement. It is from this order that appeal is taken.
Appellant contends that the settlement agreement is unenforceable because neither she nor her attorney signed the agreement or waived the signature requirement. We agree and reverse.
Rule 1.030(d), Florida Rules of Civil Procedure, in effect at the time of the agreement, provided in pertinent part:
(d) Stipulations. No private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against *811 whom it is alleged. . . agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived.
It is undisputed that the agreement was never signed by appellant or her attorney, nor were their signatures waived. Consequently, the agreement did not comply with the requirements of Rule 1.030(d), and for that reason is unenforceable. Davies v. Canco Enterprises, 350 So.2d 23 (Fla. 3d DCA 1977); Moore v. Gunning, 328 So.2d 462 (Fla. 4th DCA 1976); Alaimo v. Tirone, 297 So.2d 584 (Fla. 3d DCA 1974). Appellees, however, argue that Rule 2.060(g),[1] Florida Rules of Judicial Administration, governs the instant case, and that under this provision, settlement agreements are excluded from the requirement that stipulations be in writing and signed by the party against whom enforcement is sought.
Upon careful review of the record, briefs and arguments, we find that Rule 2.060(g) is not applicable to the settlement agreement sub judice.[2] The stipulation was entered into on October 21, 1977, and Rule 2.060 did not become effective until July 1, 1978, almost one year later. A law is presumed to have only prospective effect absent clear intent to the contrary. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); Foley v. Morris, 339 So.2d 215 (Fla. 1976); Yamaha Parts Distributors Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975); Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980). No clear intent mandating retroactive application appears in the Florida Supreme Court’s enactment of the Rules of Judicial Administration. In re Florida Rules of Judicial Administration, 360 So.2d 1076 (Fla. 1978). In fact, Rule 1.030(d), Rules of Civil Procedure was not repealed until July 1, 1979, when the Rules of Judicial Administration were revised, indicating the continued validity of the old rule governing stipulations. In re Florida Rules of Judicial Administration, 372 So.2d 449 (Fla. 1979). Nothing in the language of the enactment of the rules manifested an intent to apply the rules other than prospectively.
The settlement agreement herein was incorporated into the transcript of a deposition which was never signed by the appellant or her attorney and in which the signature requirement was not waived. Accordingly, the agreement is of no force and effect, and it was error , for the trial judge to have granted the appellees’ motions to enforce the settlement. Since our ruling on this point is determinative, we do not consider the other points raised on appeal. The order enforcing settlement is reversed, and the cause remanded for further proceedings.
Reversed and remanded.

. Rule 2.060. Attorneys
(g) Stipulations. No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or his attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlements or other substantive agreements.

. This holding renders unnecessary any consideration of whether settlement agreements are completely excluded from operation of Rule 2.060(g) as appellees have suggested, or whether they are excluded only from the parol provisions of the rule.