POLEN, Judge.
Appellant Basil Litras, one of the decedent George Litras’s three sons, and a contestant for the proceeds of the estate, brings this appeal primarily to challenge the trial court’s rejection of a proposed settlement of the disputed claims. The trial court relied on section 733.815, Florida Statutes (1989), in denying the settlement. We agree with appellant that it was error to reject the settlement, and reverse.
The decedent, George J. Litras, passed away on January 14, 1987, at the age of 94. He left three sons, Basil Litras (appellant), John Litras (appellee), and Alexander Li-tras, and a grandson, George T. Litras.
During his lifetime, the decedent owned and operated numerous funeral homes. He accumulated substantial wealth. The three sons went into the family funeral business. John and Basil Litras assisted their father in acquiring, operating, and managing the funeral homes. Appellant Basil had the primary responsibility of managing and operating the funeral business located next to the decedent’s home on Parsons Boulevard in Jamaica, New York. He lived in the Parsons Boulevard home with his father and mother, now deceased, from 1959 to 1986. John Litras’s responsibility was to operate and manage the funeral home located in Astoria, New York. John Litras is an attorney licensed to practice in New York in addition to being licensed as a funeral director. John Litras was responsible for handling the books and administrative affairs of the funeral homes. At about the time of the decedent’s death, litigation erupted in New York regarding John Litras’s alleged mishandling of partnership funds which resulted in actions for an accounting based on fraud as well as dissolution of partnership.
After his mother’s death in 1981, John Litras stopped working in the funeral business and began caring for the decedent, who was depressed. In early 1986, while the brothers were involved in the New York litigation relating to John Litras’s handling of the business books, John visited the decedent in Florida, where the decedent lived part of each year. At that time, he assisted his father, the decedent, in having a will drafted, which substantially changed the decedent’s 1981 will. John Litras called the law office of Phil O’Con-nell, Jr. (Phil O’Connell, Sr. having been the decedent’s lawyer) and made an appointment to draw up a new will. John Litras and the decedent missed the appointment, so instead John Litras handwrote the decedent’s desired changes and forwarded the same to Phil O’Connell. Phil O’Connell then sent a final draft of the will to John Litras. John Litras travelled back to Florida and drove his father to the appointment, at which time the 1986 will was executed.
Prior to his death, the decedent executed several wills. He executed the first on January 8, 1968, one on December 1, 1981, and one on May 8, 1986. The 1986 will is the one contested below. It significantly increased John Litras’s (appellee’s) share of the estate, thereby decreasing appellant’s.
The 1986 will named appellee John Litras personal representative of the estate. In that capacity, appellee John Litras submitted the will to probate. The trial court entered an order admitting the will to probate and appointed John Litras personal representative. Subsequent to the petition for administration, appellant Basil Litras, through Florida attorneys Andrea M. Letter and Thomas M. Dachelet, filed a petition for revocation of probate in which he sought revocation on several grounds, to wit: That the will was improperly executed under Florida law; that the decedent did *849 not possess testamentary capacity to execute the will; and that the will was the result of John Litras’s undue influence and deception. John Litras, as personal representative, filed his response to the petition, as did Alexander Litras.
Other beneficiaries under the will were Betty Bezas (Betty), who was bequeathed $25,000.00 and George Litras (George), who was to receive part ownership in a condominium, along with his father, John Litras, and one-fourth of the residuary estate. These last two beneficiaries did not file a response to the petition for revocation of probate, nor did they contest the will.
John Litras, Alexander Litras and Basil Litras had employed New York counsel to represent them in the ongoing New York litigation involving the numerous family businesses. When the Florida will dispute arose, the New York attorneys were consulted as to these proceedings. The brothers also engaged Florida counsel to represent them in the probate litigation. Basil Litras employed New York counsel, Michael Levine, to represent him in both the New York and Florida litigation. Michael Levine was subsequently admitted pro hoc vice by the Florida court. Since May 1987, Basil Litras had also employed Florida counsel, Andrea M. Leiter and Thomas M. Dachelet.
During the litigation, John Litras, Basil Litras and Alexander Litras signed a stipulation of settlement after months of negotiation in New York. The stipulation settled all the issues between these parties with respect to the New York and Florida litigation. Basil Litras filed a Motion to Approve Settlement Agreement; John Litras, as personal representative, filed a response to the motion. The court after a hearing entered an order denying Basil Litras’s motion to approve settlement. This was followed by Basil’s filing of a motion for rehearing on the matter, to which John responded, and which the court also denied. The court found that the settlement agreement failed to comply with section 733.815, Florida Statutes.
We hold that the trial court erred in declining to approve the settlement. In the first instance, the trial court’s provision that “all interested parties in this matter, specifically Betty Bezas and George T. Li-tras, were not parties to the Agreement,” overlooks two important considerations. While it is true that Betty and George were beneficiaries under the will, and that they hadn’t signed the proposed agreement, their signatures and agreement were not required under the facts of this case. The devises to Betty and George were protected by the terms of the settlement agreement, so that if one of the principal signor/beneficiaries should somehow default, Betty and George would have the same recourse as beneficiaries as they would have had prior to any agreement.
Moreover, we hold that the trial court’s construction of that portion of section 733.-815, Florida Statutes, that such an agreement must be “a written contract executed by all who are affected,” requires the signatures of Betty and George, is incorrect. While their signing the agreement would probably have dispelled any concerns the trial court had (and probably the need for this appeal), the court erred in holding this was a bar to approval of the agreement. Because of the status of the three signors, John, Alexander, and Basil Litras, under the terms of the will, and the protections afforded Betty and George, the latter two need not sign the agreement in order for the trial court to approve it.
Finally, the trial court’s additional reason for rejecting the agreement, that the personal representative was not represented by Florida counsel, was invalid. John Litras signed the agreement as an individual beneficiary. To enforce a stipulation of settlement, Florida law merely requires that the party or his attorney sign a stipulation of settlement. See Alaimo v. Tirone, 297 So.2d 584 (Fla. 3d DCA 1974); Fla.R.Jud.Admin. 2.060(g).
While we believe our disposition of this issue renders moot the other points on appeal, we simply note, out of an abundance of caution, that we find no error in the trial court’s revocation of Attorney Levine’s pro hac vice admission, nor in the finding that *850 the will was not procured by undue influence.
We reverse the order of the trial court rejecting the proposed settlement, and remand for further proceedings consistent herewith.
FEDER, RICHARD Y., Associate Judge, concurs.
WARNER, J., concurs specially with opinion.