POLEN, Judge.
The Litras brothers were previously before this court in In re Estate of Litras, 608 So.2d 847 (Fla. 4th DCA 1992) (Litras I), where we reversed an order rejecting a 1988 settlement reached by John, Basil, and Alexander Litras regarding their father’s estate, and remanded for further proceedings. Proceedings on remand continued for an additional three years, culminating in the entry of several orders on November 9, 1995. Basil Litras now appeals the denial of his motion for continuance and several of the November 9 orders. We find no abuse of discretion in the trial court’s denial of the motion for continuance, and affirm each of the orders except the Order on Personal Representative’s Request for Reimbursement.
Following issuance of our opinion in Li-tras I, Basil Litras sought to compel compliance with the 1988 agreement. The personal representative, John Litras, suggested there existed insufficient assets in the estate for compliance. The trial court eventually heard argument of the parties in October of 1994, and entered a comprehensive order on October 28, 1994, which addressed several outstanding issues. The main point of contention between the brothers concerned language in the 1988 agreement requiring Basil to return certain jewelry to the estate, in exchange for which the estate would deed to Basil certain real estate in New York and Florida (Unit 510, La Renaissance Condominium). The court interpreted ambiguous language in the agreement, ordered Basil to return the jewelry, and ordered the estate to deed the properties to Basil. The Oeto-ber of 1994 order required John Litras to satisfy the mortgage on Unit 510 and pay any back taxes. It also required Basil to “reimburse his brother, John, for one-half of any and all of the expenses and sums of money as are set forth above.” The court noted its continuing jurisdiction over all matters contained in the order “so that appropriate responsive orders can be entered .... ” Neither party served a timely motion for rehearing or appealed from that final order.[1]
Following an additional year of proceedings, a “global” hearing was conducted in September of 1995, resulting in the several orders on appeal. We affirm each of the orders, with the exception of the Order on Personal Representative’s Request for Reimbursement. That order contravenes the October 28,1994, order, in that it requires Basil to reimburse John for the total sum owed in connection with “taxes and other potential related charges involved with unit 510 which was [Basil’s] responsibility.” As noted above, the October 28, 1994, order imposes on Basil responsibility to reimburse John Litras for only one-half of the outstanding mortgage and back taxes on unit 510. No reason was presented for modifying the earlier order, nor is one apparent from the record. Therefore, we reverse the Order on Personal Representative’s Request for Reimbursement, remanding for entry of an order complying with the dictates of the October 28, 1994, order requiring Basil to reimburse John for one-half the expenses as set forth in that order.
AFFIRMED IN PART and REVERSED IN PART.
PARIENTE and GROSS, JJ., concur.

. We note the amendment to Florida Rule of Appellate Procedure 9.110(a)(2) to become effective January 1, 1997, will help clarify existing law regarding the final nature of orders that "finally determine a right or obligation of an interested person” for purposes of appealability in a probate matter. See In re Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 792 (Fla.1996); Fla. Prob. R. 5.100.