PER CURIAM.
Appellants were the defendants below and the appellee, Gloria Laucirica, was the plaintiff. The appeal is from a final judgment rendered after a directed verdict for Gloria Laucirica, as Administratrix of the Estate of William Laucirica, her deceased husband.
The following factual matters give rise to this dispute. William Laucirica signed an application for a standard life insurance policy with the defendant insurance company, paid a premium to its agent, Soler, and received a receipt for the premium. On August 31, 1965, he was examined by a doctor for the insurance company. A copy of the doctor’s report, the application and premium check was then sent to the company’s office in Jacksonville, Florida. On receipt of these papers, the company requested an investigation and inspection report from a Dr. Martinez since William Laucirica had listed him as a treating physician. On September 16, 1965, the company received a report from Dr. Martinez indicating that William had been receiving treatments for elevated blood pressure for a period of approximately two years. William had not indicated that he suffered from elevated blood pressure on his application for the standard life policy. On September 9, 1965, about nine days after the application was made, William was involved in an automobile accident and hospitalized. Fifteen or twenty days after the accident, William underwent surgery and was placed in intensive care where he remained until his death on December 21, 1965.
On September 10, 1965, the company’s agent, Soler, received a telephone call from William’s stepdaughter, Mrs. Perez, inquiring as to whether there was health insurance under the policy for which application had been made, and informing Soler that William was in the hospital; as a result of the accident. Shortly thereafter, Soler went to the hospital to see William but was informed that he could not see him.
On or about October 5, 1965, the insurance company apparently decided to make a counter offer of insurance on a substandard basis to William for an additional premium.
On October 8, 1965, Soler received the substandard policy from the company on the life of William. On the same date, the agent Soler also received a separate life insurance policy insuring the life of Gloria from the company. He called William’s stepdaughter, Mrs. Perez, and attempted to explain to her that the original application had been rejected and that a different life insurance policy was being offered. Mrs. Perez advised Soler that she did not understand and that he should take the matter up with a local attorney. Mrs. Perez testified that she told Soler he would have to contact her parents and that she only mentioned a local attorney who was representing Mr. Laucirica only as far as the automobile accident was concerned. In any event, Soler thereafter attempted on several occasions to speak to the local attorney and finally talked to him on October 20, 1965. At that time, the *871 attorney was told that the standard policy could not he delivered and that the premium would be refunded upon return of the receipt. Ultimately, the attorney advised Soler that the receipt would not be returned and on October 22, 1965, the substandard policy was returned to the home office of the company and on November 12, 1965, the premium payment was tendered to the local attorney; who refused to accept its return.
The record indicates that Soler delivered the life insurance policy on Gloria Lau-cirica to the local attorney who accepted it and there was evidence that the attorney may have been authorized to act on behalf of Mr. and Mrs. Laucirica in dealing with the insurance company prior to the death of Mr. Laucirica.
The appellant has raised and argued several different points for reversal on this appeal. We are of the opinion, however, that the trial court committed reversible error in directing a verdict for the plaintiff in this cause. There were several disputed questions of fact which should have been left for determination by the jury.
The question of whether the local attorney was authorized to act on behalf of the Lauciricas in regard to the acceptance or rejection of the life insurance policy mentioned herein was a question of conflicting and disputed fact. The evidence was not so positive and certain as to have authorized the entry of a directed verdict as a matter of law. See Rodi v. Florida Greyhound Lines, Fla.1953, 62 So.2d 355; Brookbank v. Mathieu, Fla.App.1963, 152 So.2d 526. There are several other conflicting fact questions which could and should have' been submitted to the jury but this question is a pivotal point on which many of the other questions may stand or fall.
We hold, therefore, that the trial court committed reversible error in entering a directed verdict in this cause and for these reasons this cause is hereby remanded to the trial court for further action consistent herewith.
In view of the ruling herein, we do not pass on the other points for reversal raised by the appellant in this appeal.
It is so ordered.