364 So.2d 841 (1978)
Irwin WEINBERG, Appellant,
v.
Harvey LOZMAN, M.D., Harvey Lozman, M.D., P.A., f/k/a Lozman & Weinberg, P.A., a Professional Services Corporation Organized under the Laws of the State of Florida, Appellees.
Nos. 78-261, 78-262.
District Court of Appeal of Florida, Third District.
November 28, 1978.
*842 Kurzban & Kurzban and Ira J. Kurzban, Miami, for appellant.
Bartel & Shuford and Robert A. Kanziger, Miami, for appellees.
Before PEARSON and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The plaintiff in the trial court, Irving Weinberg, appeals an order dismissing his complaint for lack of jurisdiction. The order reads as follows:
"THIS CAUSE came on for hearing upon the motion of the various Defendants to dismiss. The Court has reviewed the file, heard argument of counsel and considered the applicable law. Plaintiff attempts to state causes of action for breach of contract and specific performance upon an alleged `Stipulation of Settlement' entered into in the case of Weinberg v. Lozman, Case No. 75-27052. That case terminated by an Order of Dismissal entered August 26, 1977. The court finds that it is without the requisite jurisdiction to enforce the `Stipulation of Settlement' entered into under the style of the terminated case. and that the document is further insufficient on its face to support an independent contractual cause of action.[1] It is therefore .."
Plaintiff and defendant were members of a professional association. In the cause referred to in the trial court's order as Weinberg v. Lozman, the present plaintiff sued for a dissolution of the professional association and a division of the assets. Thereafter, before the filing of defensive pleadings, the parties entered into what was either a settlement or an attempted settlement of their differences. This agreement was entered into in the presence of the court and recorded by a court reporter. See Florida Rule of Civil Procedure 1.030(d). It was orally approved by the trial court. Thereafter, no further proceedings were had in that cause. Subsequently, the cause was dismissed by the court for failure to prosecute.
The present action was brought by the same plaintiff, Weinberg, in an attempt to enforce what he describes as a settlement of the prior litigation. As pointed out in the above order, the trial court dismissed the complaint upon the sole ground of lack of jurisdiction to proceed. We hold that the trial court was in error in so doing. We note at this juncture that the trial court did not pass upon defendant's allegation that the claimed settlement was insufficient to constitute a settlement of the first cause.
A settlement agreement is not only the basis upon which a judgment may be entered, but is also a contract between the parties. See Bohlman v. Big River Oil Company, 124 N.W.2d 835, 837 (N.D. 1963); and Galusha v. Sherman, 105 Wis. 263, 81 N.W. 495, 497 (1900). Plaintiff's complaint seeking to enforce the claimed settlement agreement is not an attempt to enforce a settlement which has been made a part of a final judgment. The validity of plaintiff's *843 action must be determined upon the basis of the laws of contract. If the defendant procured a cessation of activity in the cause upon the basis of an enforceable contract, then the fact that the cause was dismissed for lack of prosecution is not a bar to the enforcement of that contract.
Therefore, we reverse the order holding that the trial court did not have jurisdiction, and remand the cause for a determination by the trial court of whether the claimed stipulation constitutes a binding agreement between the parties which can now be enforced in a separate action.
Reversed and remanded.
NOTES
[1] This portion of the order, including the stricken words, "... and that the document is further insufficient on its face to support an independent contractual cause of action," appears here as it does in the original order.