FRANK, Judge.
The narrow issue in this matter is whether the appellants are entitled to interest on the amount of the settlement agreed to in resolution of their personal injury action. The appellants rely upon section 627.4265, Florida Statutes, in support of their claim to interest.
The pertinent facts are that on June 6, 1984, a settlement in the amount of $800,-000.00 was reached in open court between the appellants and the appellee. The money was not received by the appellants, however, until July 11, 1984. A motion to assess interest, based upon the foregoing statute, in the claimed amount of $8,942.34 was filed by the appellants and denied by the trial court. We affirm the trial court’s denial of interest.
The appellants’ reliance upon Sockolof v. Eden Point North Condominium, 421 So.2d 716 (Fla. 3d DCA 1982), is misplaced. Sockolof bears no relationship to the construction to be placed upon section 627.-4265. There is no dispute in the matter at hand that a bilaterally binding settlement was reached. The sole question is whether the appellants are entitled to the benefit of section 627.4265 which provides as follows:
In any case in which a person and an insurer have agreed in writing to the settlement of a claim, the insurer shall tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. The tender of payment may be conditioned upon execution by such person of a release mutually agreeable to the insurer and the claimant, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement; however, if the tender of payment is conditioned upon the execution of a release, the interest shall not begin to accrue until the executed release is tendered to the insurer.
We accord the statute its plain and obvious meaning. If the appellee is not an “insurer” within the statute’s meaning, the appellant cannot claim entitlement to its provisions. Section 624.03, Florida Statutes, defines the word “insurer” to include “every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity.” *494 The appellee does not fit the statutory concept of an “insurer.” Finally, the result we reach is not affected by the fact that the funds transmitted to the appellants in fulfillment of the settlement agreement originated with two insurance carriers. The source of that money does not transform the appellee into an “insurer.”
Affirmed.
SCHOONOVER, A.C.J., and LEHAN, J., concur.