510 So.2d 1217 (1987)
F.I.T. AVIATION, INC., et al., Appellants,
v.
Thomas R. GLEASON, etc., Appellees.
Nos. 86-1431, 86-2097.
District Court of Appeal of Florida, Fifth District.
August 13, 1987.
*1218 Michael R. Levin, of Rumberger, Kirk, Caldwell, Cabaniss and Burke, Orlando, for appellants F.I.T. Aviation, Inc., Florida Institute of Technology, and Charter American Ins. Co.
Cynthia Z. MacKinnon, of Fisher, Rushmer, Werrenrath, Keiner, Wack and Dickson, Orlando, for appellant Piper Aircraft Corp.
Hale Baugh, of Baugh, Collins, Lintz and Westman, Cocoa, for appellees.
UPCHURCH, Chief Judge.
F.I.T. Aviation, Inc., Florida Institute of Technology, Charter American Insurance Company and Piper Aircraft Corporation appeal an order enforcing a settlement in a wrongful death case filed by Thomas Gleason, as personal representative of the estate of his son John Gleason.
After a series of negotiations, the parties agreed to a settlement of $750,000 and all conditions were eliminated by March 10, 1986. Counsel for F.I.T. sent a release on March 21, 1986, to counsel for Gleason but requested that the Gleasons not sign it until it was approved in writing by counsel for Piper Aircraft in New York. Counsel also requested that the Gleasons prepare a motion to dismiss with prejudice and stated that the appellants would forward separate drafts for the amount of the settlement when a file-stamped copy of the motion to dismiss and a fully executed copy of the release were received in the offices of counsel for Piper Aircraft in New York. The release recited that the settlement was in consideration for the settlement amount, receipt of which the Gleasons were required to acknowledge. The Gleasons contended that they were entitled to interest, appellants refused to accept this and Gleason eventually moved for summary judgment. Gleason contended he was entitled to interest as a matter of law from the date the parties reached the settlement. Gleason further alleged that the appellants were acting under the direction of insurance companies and therefore section 627.4265, Florida Statutes (1985) was applicable. This section requires an insuror to pay a settlement claim within twenty days unless the tender of payment is conditioned upon the execution of a release. Gleason contended that there was no requirement that the release be executed prior to payment of the consideration.
After several hearings, the court found that the effective date of the settlement was March 10, 1986, that a reasonable time to have tendered the sum was 20 days, and that the sum had not been tendered. Accordingly the trial court held that Gleason was entitled to interest at the legal rate from March 31, 1986. The parties then stipulated that Gleason would release appellants from all matters except the question *1219 of interest in exchange for the agreed settlement amount of $750,000.
On appeal, the appellants argue that a trial court may only enforce the terms of a settlement as agreed to by the parties and that here they never agreed to pay interest. This argument overlooks the fact that a plaintiff, in a contract action, is entitled to interest, as a matter of law, from the date the debt was due and the existence of an honest and bona fide dispute as to whether the debt was actually due does not affect that right. Diversified Commercial Developers v. Formrite, 450 So.2d 533 (Fla. 4th DCA 1984). See also Maryland Casualty Company v. Florida Produce Distributors, 498 So.2d 1383 (Fla. 5th DCA 1986). A settlement agreement is a contract between the parties. Weinburg v. Lozman, 364 So.2d 841 (Fla. 3d DCA 1978). Here, the appellants concede that there was a contract effective March 10, 1986, and thus Gleason was entitled to payment plus interest from that date.
The appellants also contend that section 627.425 does not apply to them because they are not insurors. See Thomas v. Reeves Southeastern Corporation, 472 So.2d 493 (Fla. 2d DCA 1985). We do not agree with that position because, unlike Thomas, here Charter American Insurance Company and Aviation Underwriting Specialists were parties to the release and settlement agreement. In addition, that section actually helps the appellants because otherwise interest would commence on March 10, 1986.
The appellants further argue that interest was not due because payment was conditioned on the execution of a release. While we acknowledge that it is common practice, especially in the insurance industry, to require the execution of the release before payment of the agreed settlement amount, it cannot be implied as a condition of the settlement because the consideration must be paid to give any validity to the release. The time payment will be made, if or when and the rate at which interest will accrue, or any other conditions required by a party must be made a part of the settlement agreement. These terms may not be imposed after the settlement offer has been unconditionally accepted; otherwise, a release cannot be demanded before payment is tendered.
We find the appellants' remaining arguments to be without merit. Accordingly, the order enforcing the settlement is
AFFIRMED.
SHARP and COWART, JJ., concur.