SHARP, Chief Judge.
Kladke (driver of a rented car involved in an accident with Phillips), Avis, Rent-A-Car System, Inc., (lessor of the car) and P.Y. Holding Corporation (owner of the car), appeal from a final judgment which awards Phillips post-settlement interest of $18,000.34. Phillips cross-appeals the failure of the trial court to award interest from the date of the settlement rather than commencing twenty days afterwards. We reverse the award of interest in its entirety-
Phillips sued the appellants for damages he received in an automobile accident with Kladke. On November 17, 1987, near the end of a three-day trial, the parties announced in open court that they had negotiated a settlement “at a sum of seven hundred fifty thousand dollars ....” The settlement was duly recorded by the court reporter, but nothing was said about when or how the payment was to be made, nor whether interest would be due and payable. No insurance company took any part in the lawsuit, settlement, or subsequent release.
On January 12, 1988, Avis tendered payment to Phillips — some fifty-four days after the settlement had been announced in court. Phillips filed a motion to enforce the settlement and to award post-settlement interest pursuant to Florida Statute § 627.4265. Appellants responded that Phillips had delayed the tender by not executing a release until December 22, 1987, and by not getting the release to appellants’ attorney until December 24, 1987— Christmas Eve. Avis’ check was issued December 28,1987; and it was tendered on January 12, 1988. Appellants argued under these circumstances, there was no undue delay in payment and section 627.4265 does not apply to them, since none of them are insurance companies.
The trial court held a hearing on appel-lee’s motion which was not reported. However, at a. subsequent hearing held to try to recreate a record for purposes of appeal (Florida Rule of Appellate Procedure 9.200(b)(4)), the trial judge agreed that no evidence or testimony was taken at the unreported hearing. He assumed the facts were as stated in the parties’ pleadings. “I don’t know that anybody differed that something else had happened ....”
The trial judge also said that the sole basis for his award of interest was section 627.4265. “I went back to the statute and the statute says you’ve got twenty days and you get interest after that. How simple can you get?” Accordingly, he awarded interest at twelve percent commencing twenty days after the settlement was announced in open court.
Appellants argue initially that section 627.4265 does not apply to them. That law provides:
*714 Payment of settlement — In any case in which a person and an insurer have agreed in writing to the settlement of a claim, the Insurer shall tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. The tender of payment may be conditioned upon execution by such person of a release mutually agreeable to the insurer and the claimant, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement; however, if the tender of payment is conditioned upon the execution of a release, the interest shall not begin to accrue until the executed release is tendered to the insurer.
This law is part of Florida’s Insurance Code — a complicated statutory regulation of the insurance companies, the insurance business and insurance contracts in this state. Clearly, it has no application if an insurance company is not a party to the settlement. Thomas v. Reeves Southeastern Corp., 472 So.2d 493 (Fla.2d DCA 1985). The inference (at best in this case) that an insurance company has, in fact, supplied the proceeds for the settlement payoff does not bring this statute into play. F.I.T. Aviation, Inc. v. Gleason, 510 So.2d 1217 (Fla. 5th DCA 1987), is distinguishable because in Gleason the insurance companies were parties to the release and settlement agreement.
Appellee counters with the argument that even though section 627.4265 does not apply, the award of interest can be sustained on the basis of common law contract principles. Settlements are treated by the courts as contracts which may be enforced. Weinberg v. Lozman, 364 So.2d 841 (Fla.3d DCA 1978); Crawford Door Sales Co. v. Braun, 357 So.2d 433 (Fla.3d DCA), cert. denied, 362 So.2d 1052 (Fla.1978). Accordingly, interest may be awarded at the legal rate from the date a debt is due under a contract, if the due date is established. Diversified Commercial Developers Inc. v. Formrite, Inc., 450 So. 2d 533 (Fla. 4th DCA 1984). However, a trier of fact must determine the due date, based on evidence and testimony, if no due date is set by the contract or settlement. See Diversified; Maryland Casualty Co. v. Florida Produce Distributors, Inc., 498 So.2d 1383 (Fla. 5th DCA 1986).
In this case, the trier of fact heard no testimony and took no evidence as to when the parties intended the settlement would be paid. The trial judge frankly stated he relied solely on the twenty day time period provided in section 627.4265. There is therefore no basis in this record to support a finding by the trial judge that the parties intended the $750,000 to be paid on the same day settlement was announced in open court, or twenty days thereafter. Nor did the trial judge feel free to consider as legally relevant appellants’ explanation that the parties intended a release would be executed and tendered prior to payment of the settlement proceeds, and that appellee was responsible for part of the delay in tendering the release. Common law contract principles would not bar such considerations.
In these regards, our decision in Gleason is distinguishable. In Gleason, the appellant conceded that the settlement was effective and enforceable as of March 10, 1986 — all conditions of the negotiated settlement having been satisfied by that date. The settlement was detailed and had been reduced to writing. In this case, the settlement was oral, and only the fact that an agreement had been reached was memorialized by the court reporter. There is no basis in this record to determine when the parties intended the settlement would be paid.
Further, it is clear that in Gleason, this court held that the trial judge’s award of interest was valid pursuant to section 627.-4265, and not pursuant to common law principles. The time period for accrual of interest in this case (as in Gleason) can only be based on an application of section 627.4265. Since that statute does not apply to these appellants, the award of interest must be reversed. However, we remand this cause to the trial court for further proceedings consistent with this opinion. *715 The trial court may, in its discretion, take additional testimony to establish appellee’s common law right to interest.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.