ALTENBERND, Judge.
The plaintiff, Cousins Construction Co., No. Ill, Inc. of Fla. (Cousins), and the defendant, Black, Crow & Eidsness, Inc. (BC & E), both appeal a final judgment which was entered on a jury verdict. The final judgment includes a substantial award of prejudgment interest because most of the damages occurred prior to 1975. With the exception of a portion of the prejudgment interest, we affirm the judgment.
This is the third visit by this case to this appellate court. Cousins Constr. Co., No. III, v. Black, Crow & Eidsness, Inc., 488 So.2d 838 (Fla. 2d DCA), review denied, 492 So.2d 1330 (Fla.1986); Black, Crow & *1147 Eidsness, Inc. v. Cousins Constr. Co., No. III, 351 So.2d 412 (Fla. 2d DCA 1977), cert. denied, 368 So.2d 1362 (Fla.1979). The facts of the case are well stated in the 1986 opinion and will not be restated in this opinion. Following the 1986 opinion, the case was tried only on the issue of damages arising from BC & E’s breach of contract. As reliance damages, Cousins sought to recover its expenditures on the aborted development project which were attributable to BC & E’s breach of contract. Using a special interlocutory verdict form, the jury determined that Cousins’ reliance damages did not include various costs associated with the purchase of the property, but did include various expenses in the construction of the development. Under the conflicting evidence presented to the jury, it was free to reach this result.
The trial court, however, erred by awarding prejudgment interest on one specific item of damage. The jury found that Cousins had incurred an indebtedness in the amount of $67,655.25 to Struthers Excavating, Inc., which was a recoverable item of damage in this case. This item of damage concerned an unpaid statement for land clearing and site preparation at the development. When Cousins did not pay the statement for these services, Struthers filed a complaint to foreclose its mechanics’ lien in 1975. On October 12, 1977, Struth-ers and Cousins settled the mechanics’ lien foreclosure action with an agreement in which Cousins assigned to Struthers
a proprietary interest and right to the sum of $67,665.25, plus $3,500.00 for interest, out of any judgment for damages and costs, or any payments made in partial or complete satisfaction thereof, awarded to Cousins in the case of Cousins vs. Black, Crow & Eidsness, Inc.
In the mechanics’ lien action, the parties filed a joint stipulation confirming this settlement and specifying that it would not be reduced to judgment until Cousins’ action against BC & E was resolved, or Struthers’ attorneys determined that Struthers’ settlement rights were impaired.[1] The settlement agreement between Struthers and Cousins does not state that any interest, other than the $3,500.00, will accrue on the settlement amount between the time of the settlement and the time of its payment. Undoubtedly, neither party expected that it would take a dozen years to resolve the dispute with BC & E. Nevertheless, under the terms of the settlement agreement, Cousins had no obligation to pay Struthers until the suit against BC & E was resolved or the settlement was otherwise reduced to judgment.
Following the jury’s verdict in this case, but prior to the entry of the final judgment in this case, Struthers received a final judgment on November 18,1988, in the mechanics’ lien action. In the mechanics’ lien action, Cousins successfully convinced the trial court that no prejudgment interest was awardable to Struthers because the settlement agreement did not provide for prejudgment interest. Although interest is generally awardable in a contract action from the date the debt is due, Cousins successfully argued in the mechanics’ lien action that its debt to Struthers was not in fact due until the judgment was entered. See F.I.T. Aviation, Inc. v. Gleason, 510 So.2d 1217 (Fla. 5th DCA 1987). Today, we have also affirmed the judgment of the trial court in the mechanics’ lien action. Struthers Excavating, Inc. v. Cousins Constr. Co., No. III, 558 So.2d 23 (Fla. 2d DCA 1989).
Having successfully avoided prejudgment interest in the mechanics’ lien action, Cousins’ attorney next requested the same prejudgment interest in its own action against BC & E. We are confident that the trial court in this case would not have awarded the prejudgment interest if it had been informed that the other trial court had denied the prejudgment interest. In Florida, a party is entitled to prejudgment interest on its “out-of-pocket, pecuniary losses” once a verdict has liquidated the damages as of a date certain. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). Prejudgment interest is awarded on a loss theory rather than as a penalty for a wrongful act. Id. *1148 The settlement with Struthers was an agreement to pay a sum certain at an indefinite date in the future. Until that unknown future date arrived, Cousins had not incurred a loss.
In this case, Cousins did not sustain a loss until the trial court in the mechanics’ lien action entered a judgment for $67,-655.25 plus $3,500.00 in prejudgment interest on November 18, 1988.[2] At that point, the judgment in the mechanics’ lien action began to accrue statutory post-judgment interest for which Cousins became liable. Thus, we reverse the judgment to the extent that the trial court calculated prejudgment interest on this amount from an earlier date and remand to the trial court so that the final judgment can be amended to calculate the interest on this item of damage only from the date of the judgment in the mechanics’ lien action.
Affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent herewith.
SCHEB, A.C.J., and LEHAN, J., concur.

. The joint stipulation describes an award of "$5,000 for interest, costs, and attorneys' fees in full” and acknowledges that Struthers has already received $1,500.00 towards the costs and fees. Thus, both agreements contemplate an additional $3,500.00 in the future for interest.

. We distinguish this item of damage from the construction expenses which were actually paid by Cousins at earlier times using funds received from Barnett Bank. See Cousins Constr., 488 So.2d at 841.