PER CURIAM,
We reverse this order enforcing a settlement resulting in a deficiency judgment against appellant. There was no “clear and unequivocal” grant of authority to appellant’s attorney to settle this case. See Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977). While there was conflicting evidence that appellee’s attorney may have agreed to a settlement, no one testified that appellants had given their attorney authority to settle the case, and appellant husband specifically testified that he had not conveyed authority. Nor is there anything to suggest that this was an emergency situation where the attorney was forced to act as was the case in Sockolof v. Eden Point North Condominium Ass’n, Inc., 421 So.2d 716 (Fla. 3d DCA 1982). While appellants were not present at the hearing for the deficiency judgment, their testimony was not necessary to present a case. Their attorney testified that his case consisted simply of substantial cross examination of appellee’s real estate expert as to the valuation of the property.
Contrary to the dissent, we cannot defer to the trial court’s implicit “finding” that appellant’s authorized their attorney to settle the case when the undisputed evidence is to the contrary. It was anything but “clear and unequivocal” on that point. The trial court found that a settlement must have been reached between the attorneys. On that point, there was conflicting evidence. The court never really focused on whether the client authorized the settlement. On that point, there was no dispute in the evidence.
Reversed and remanded for further proceedings.
DELL and WARNER, JJ., concur.
POLEN, J., dissents with opinion.