711 So.2d 239 (1998)
Viren A. PATEL, Appellant,
v.
ASHCO ENTERPRISES, INC., etc., Appellee.
No. 96-3373.
District Court of Appeal of Florida, Fifth District.
May 29, 1998.
*240 Stanley Fenwick Rosenberg, Law Offices of Stanley Fenwick Rosenberg, Winter Park, and Royce D. Pipkins of Royce D. Pipkins, Altamonte Springs, for Appellant.
Jim McCrae of Maguire, Voorhis & Wells, P.A., Orlando, for Appellee.
ANTOON, Judge.
Viren A. Patel (Patel) appeals the final judgment and permanent injunction (final judgment) entered in favor of Ashco Enterprises, Inc., d/b/a Metro Services of Central Florida (Metro) in accordance with the terms of the parties' mediation agreement. Patel contends the mediation agreement was void and thus unenforceable because the parties entered into the agreement while the case was pending in county court which lacked jurisdiction over this matter. See § 542.30, Fla. Stat. (1995). However, the parties' mediation agreement was valid and enforceable. Therefore, we affirm the final judgment.
Metro filed a complaint in county court alleging that it was entitled to recover damages from Patel and Gary Keys for their breach of a noncompete employment agreement. While the case was pending in county court, the parties entered into a mediation agreement which provided that Patel would pay Metro $35,000 in monthly installments. The mediation agreement further provided that if Patel breached the agreement, the case would be transferred to the circuit court and a judgment would be entered against Patel for $100,000, plus $5,000 in attorneys' fees and costs. Additionally, the parties agreed that, upon default, a two-year injunction would be entered against Patel. When Patel failed to make the first installment, the case was transferred to the circuit court. The circuit court then enforced the parties' mediation agreement by entering a final judgment for $105,000, as well as an injunction against Patel.
Patel argues that the parties' mediation agreement was void ab initio, and thus the trial court erred in enforcing it, because the agreement was the result of a mediation which occurred while Metro's lawsuit was pending in county court. Specifically, Patel maintains the parties' mediation agreement was unenforceable because the county court lacked subject matter jurisdiction over Metro's noncompete claim pursuant to section 542.30, Florida Statutes (1995), which provides that Florida's circuit courts possess exclusive jurisdiction to enforce such agreements. We disagree.
While a settlement agreement may be the basis upon which a judgment may be entered, it is also a contract between the parties, the enforceability of which is governed by the laws of contract. See Weinberg v. Lozman, M.D., 364 So.2d 841, 842 (Fla. 3d DCA 1978). This principle applies even when the court enforcing the settlement agreement lacks subject matter jurisdiction over the earlier action from which the agreement *241 emanated. Id. Accordingly, the trial court properly enforced the mediation agreement entered by the parties' in the instant case even though it was executed while the litigation was pending in county court and the county court's jurisdiction to consider Metro's noncompete claim was subject to challenge.
AFFIRMED.
COBB and W. SHARP, JJ., concur.